GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

AUSTIN GIBBS, Defendant

Case Nos. 8944-75, 8945-75 and 8946-75

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

ADOLPHUS CHARLES, Defendant

Case Nos. 8437-75 and 8439-75

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

VINCENT FRAZER, Defendant

Case No. 9072-1975

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

ALFRED JAMES, Defendant

Case No. 9019-75

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

CECIL POTTER, Defendant

Case No. 9021-75

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

January 30, 1976

**HOFFMAN,** *Judge*

### MEMORANDUM OPINION AND ORDER

Each of these cases involves a demand by the defendant for the production of the blood sample taken from the person of the defendant in connection with defendant's arrest for a charge of driving while intoxicated. The Government denies that defendant is entitled to the blood sample as a matter of right.

Defendant is already entitled by statute to the results of any test performed upon the blood sample. 20 V.I.C. § 493(e). In the motion to compel discovery, counsel for defendant cites Rule 16(b), F. R. Crim. Pro. and a number of cases, none of which cases involves blood samples used to test blood alcohol content. Both sides have failed to note that, effective December 1, 1975, Rule 16 has been amended.

The former Rule 16(b) read as follows:

Upon motion of a defendant the court may order the attorney for

the government to permit the defendant to inspect and copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable.

The new Rule 16(a)(1)(C), however, reads as follows:

Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

 Under the former rule, discovery of tangible objects, such as the blood sample, was more or less discretionary with the judge, based on his evaluation of the materiality and reasonableness of defendant's demand. This is clearly not so under the new rule, which requires discovery where the government intends to introduce the tangible object as evidence in chief at trial or where the tangible object was obtained from or belongs to the defendant. See Advisory Committee Notes to the Federal Rules of Criminal Procedure noted at 62 F.R.D. 311–12.

 While the Court has its doubts as to whether discovery would be proper under the old rule in every case involving a blood sample taken from a defendant, that conclusion is seemingly inescapable under the new. While Rule 16(d)(1) does allow for protective orders "(u)pon a sufficient showing," no showing of any kind has been made by the Government here. Additionally, the new rule contemplates compliance by the Government upon demand by the defendant for such objects, without the need for a motion to discover, as was required by the old rule. Accordingly, the Court expects that in future cases, no need for a motion compelling discovery will be needed where there is a blood sample taken from the defendant and in possession

of the Government, and where defendant makes a proper request.

Accordingly, in each of these cases, the Government is hereby ordered to produce the blood sample which was drawn from each defendant in connection with the instant charges of driving while intoxicated. The Court will leave it to the counsel for the parties to devise whatever procedures are necessary to protect the integrity of the evidence and to afford the defendant a reasonable opportunity to test the blood sample for blood alcohol content. If the need for sanctions pursuant to Rule 16(d)(2) or for a protective order pursuant to Rule 16(d)(1) should arise, counsel shall make appropriate motion to the Court.

Trial in each of these cases is set for February 12, 1975 at 10:00 a.m. in Courtroom II of the Municipal Court.

It is so ordered.